UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WESLEY THOMAS SUMPTER, ESTATE,

              Plaintiff,

-against-

PORT JERVIS AUTO MALL, INC.; SALES MANAGER BILL HENDERSON; FINANCE MANAGER LARRY KAMARA; GENERAL MANAGER CHRS BAUMGARDNER,

              Defendants.

25-CV-1480 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

KIMBA M. WOOD, United States District Judge:

    Plaintiff Wesley Thomas Sumpter,[1] appearing *pro se*, brings this action against Defendants Port Jervis Auto Mall, Inc. ("PJAM"), a car dealership located in Port Jervis, Orange County, New York, and PJAM employees Bill Henderson, Larry Kamara, and Chris Baumgardner. He alleges that Defendants did not finalize an agreement to purchase a car from PJAM. By Order dated March 3, 2025, ECF No. 9, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Although Plaintiff lists his name as "Wesley Thomas Sumpter, Estate," the complaint suggests that he seeks to bring claims on his own behalf, not on behalf of an estate.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

This action appears to concern Plaintiff's attempt to buy a car at the Port Jervis Auto Mall, which is located in Orange County. Plaintiff states that he resides in Brooklyn, New York. The following facts are drawn from the complaint.[2] "Due to negligence and deceitfulness from the agents not answering to the notice of claim of security interest sent via express mail, express mail receipt, my human rights, consumer rights, constitutional rights, federal protected rights and God giving rights by law are being violated." (ECF 1 ¶ III.) Plaintiff alleges that his "[r]egistered security was sent and received through postal mail to the agent Port Jervis Auto

---

[2] The Court quotes verbatim from the complaint. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

mall Inc. on June 4th, 2024." (*Id.*)  He states that the amount in controversy is $80,000, and he seeks "[r]elief on security interest that was given for the transfer of a automobile used with real property value; also $10,000 for each damages that was caused in the rights of life liberty and the pursuit of happiness." (*Id.* ¶ IV.)

Plaintiff attaches to the complaint a blank transaction form, which is used for the sale of vehicles.  (*See id.* at 8.)  He also attaches a bill of particulars, prepared by him, including information regarding a "purchase order agreement" and a "finance manager agent who name is signed on the purchase order agreement as the finance agent." (*Id.* at 10.)  This bill of particulars also states that Plaintiff "authorized [his] attorney in fact to autograph a consumer acquisition purchase agreement[.]" (*Id.*)

## DISCUSSION

**A.    The Court lacks subject matter jurisdiction over Plaintiff's claims**

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

    **1.    Federal question jurisdiction**

To bring an action claiming federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not assert that Defendants violated any federal laws. Rather, his claims concern the purchase of a car from a car dealership in Orange County, New York; his allegations suggest that he is asserting a state law claim. The Court lacks federal question jurisdiction over Plaintiff's claims.

    **2.    Diversity jurisdiction**

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation, however, is a citizen "of every State and

foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation marks and citation omitted).

Plaintiff states that both he and Defendants reside in the State of New York, which precludes complete diversity of citizenship. (ECF 1 ¶ I.) The Court thus lacks diversity jurisdiction.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot conclude that it would be futile to grant Plaintiff leave to amend his complaint to state facts demonstrating that this Court can exercise diversity jurisdiction over his state law claims, the Court grants him 30 days' leave to file an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to file an amended complaint demonstrating that the Court can exercise diversity jurisdiction over his state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to keep this action open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 2, 2025
New York, New York

/s/ KIMBA M. WOOD
KIMBA M. WOOD
United States District Judge